

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYDIN ABBASOV,<br><br>                              Petitioner,<br><br>v.<br><br>JEREMY CASEY,<br><br>                              Respondent. | Case No.:  26-cv-1867-BJC-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

On March 24, 2026, Petitioner Aydin Abbasov, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2241. ECF No. 1.  On March 27, 2026, the Court appointed the office of Federal Defenders to represent Petitioner and directed that an Amended Petition be filed no later than April 10, 2026.  ECF No. 3.  On March 31, 2026, Petitioner, with assistance from Federal Defenders, filed an Amended Petition. ECF No. 7.  On April 7, 2026, Respondent filed a Return.  ECF No. 9.  On April 12, 2026, Petitioner filed a Traverse.  ECF No. 10.

Petitioner is a citizen of Azerbaijan who entered the United States on March 19, 2025. *Id.* at 2.  Petitioner was injured when entering the United States and was admitted to a hospital.  *Id.* Ex. A ¶1.  After Petitioner's injuries healed, he was taken into custody and he has remained at the Imperial Regional Detention Center since that time. *Id.* On April 23, 2025, Petitioner was found to have a credible fear during the interview conducted by

ICE. *Id*. ¶ 2. Petitioner filed an application for asylum that was denied on February 5, 2026. *Id.* Petitioner now seeks his release, or in the alternative, a bond hearing.

## I. LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

The Ninth Circuit has held that immigration detainees "facing prolonged detention" are "entitled to a bond hearing before a neutral immigration judge." *Singh v. Holder,* 638 F.3d 1196, 1200 (9th Cir. 2011). In these hearings, the government must meet their burden by clear and convincing evidence due to the "substantial liberty interest at stake." *Id.* Detainees are also entitled to a transcript or audio recording of their bond hearings to comport with due process. *Id.* at 1208. The holding in *Singh* was abrogated in part in *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1204 (9th Cir. 2022) where the Ninth Circuit declined to extend the standard to bond hearings for people detained under 8 U.S.C. § 1226(a), however, the holding did not overturn the application of the standard to hearings for those held under § 1225(b).. In addition to the above standards, an IJ must "consider [petitioner's] ability to pay and alternatives to detention when setting any bond amount." *Black v. Decker*, 103 F.4th 133, 158 (2nd Cir. 2024); *Sandesh v. LaRose*, 2026 WL 622690, *4 (S.D. Cal. Mar. 5, 2026).

## II. DISCUSSION

Petitioner argues that his detention violates the Due Process Clause of the Fifth Amendment and that his detention has become prolonged. ECF No. 7 at 3. Petitioner seeks his release, or in the alternative, a bond hearing. *Id.* at 16. If the Court orders Respondents to provide Petitioner with a bond hearing, he asks that additional safeguards are in place,

26-cv-1867-BJC-DDL

including that the government must establish by clear and convincing evidence that Petitioner poses a danger or flight risk, because he argues that "the current administration ha[s] severely compromised IJs' neutrality" and "there is a serious risk that an IJ will order [Petitioner's] continued detention even if he poses no danger or flight risk. *Id.* at 9. He requests that this Court order the IJ to consider alternative conditions of release, that concerns about interrupting court schedules cannot provide a ground to deny bond, and that Respondents make a complete record of the bond hearing available to Petitioner and his counsel. *Id.* To ensure that the IJ complies with the Court's order, Petitioner asks that this Court direct Respondents to file a Notice of Compliance within five days of Petitioner's bond hearing that includes the results of the hearing. *Id*. at 16.

In response to the Petition, Respondents "acknowledge that courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention" and concede that "this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight." Response at 2, ECF No. 9. In light of Respondent's concession that Petitioner is entitled to a bond hearing, the Court grants the petition for writ of habeas corpus. The Court declines to address Petitioner's arguments regarding the neutrality of immigration courts, noting that the IJ is required to follow proper legal standards to "effectuate this Court's order for a bond hearing." *Sandesh*, 2026 WL 622690, * 5.

### III.    CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS** Petitioner's petition for writ of habeas corpus and **ORDERS** Respondents to conduct a bond hearing **no later than April 30, 2026**. At the bond hearing,

(1) the government **SHALL BEAR** the burden of showing by clear and convincing evidence that Petitioner is a flight risk or danger;

(2) the IJ **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate; and

26-cv-1867-BJC-DDL

(3) Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel.

The Clerk of Court is **ORDERED** to **CLOSE** the case.

 **IT IS SO ORDERED**.

Dated:  April 15, 2026

_Bryan Cheeks_

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-1867-BJC-DDL