**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AYDIN ABBASOV,<br><br>                                    Petitioner,<br><br>v.<br><br>JEREMY CASEY,<br><br>                                    Respondent. | Case No.:  26-cv-1867-BJC-DDL<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

Petitioner is a citizen of Azerbaijan who entered the United States on March 19, 2025.  ECF No. 19 at 2.  Petitioner was injured when entering the United States and was admitted to a hospital.  *Id.* Ex. A ¶1.  After Petitioner's injuries healed, he was taken into custody and he has remained at the Imperial Regional Detention Center since that time. *Id.* On April 23, 2025, Petitioner was found to have a credible fear during the interview conducted by ICE.  *Id*. ¶ 2.  Petitioner filed an application for asylum that was denied on February 5, 2026.  *Id.* Petitioner seeks his release, or in the alternative, a bond hearing.

## I.    LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States.").

Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

The Ninth Circuit has held that immigration detainees "facing prolonged detention" are "entitled to a bond hearing before a neutral immigration judge." *Singh v. Holder,* 638 F.3d 1196, 1200 (9th Cir. 2011). In these hearings, the government must meet their burden by clear and convincing evidence due to the "substantial liberty interest at stake." *Id.* Detainees are also entitled to a transcript or audio recording of their bond hearings to comport with due process. *Id.* at 1208. The holding in *Singh* was abrogated in part in *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1204 (9th Cir. 2022) where the Ninth Circuit declined to extend the standard to bond hearings for people detained under 8 U.S.C. § 1226(a), however, the holding did not overturn the application of the standard to hearings for those held under § 1225(b).  In addition to the above standards, an IJ must "consider [petitioner's] ability to pay and alternatives to detention when setting any bond amount." *Black v. Decker*, 103 F.4th 133, 158 (2nd Cir. 2024); *Sandesh v. LaRose*, 2026 WL 622690, *4 (S.D. Cal. Mar. 5, 2026).

## II.    DISCUSSION

Petitioner argues that his detention violates the Due Process Clause of the Fifth Amendment and that his detention has become prolonged. Petitioner seeks his release, or in the alternative, a bond hearing. In response to the Petition, Respondents "acknowledge that courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention" and concede that "this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing by clear and convincing evidence that Petitioner poses a danger  to the community or a risk of flight."  Response at 2, ECF No. 20.

In light of Respondent's concession that Petitioner is entitled to a bond hearing, the Court grants the Amended Petition for writ of habeas corpus. The Court directs the IJ to follow proper legal standards to "effectuate this Court's order for a bond hearing."

26-cv-1867-BJC-DDL

*Sandesh*, 2026 WL 622690, * 5.

## III.   CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS** Petitioner's Amended Petition for writ of habeas corpus and **ORDERS** Respondents to conduct a bond hearing **<u>no later than July 10, 2026</u>**.  At the bond hearing,

(1) the government **SHALL BEAR** the burden of showing by clear and convincing evidence that Petitioner is a flight risk or danger;

(2) the IJ **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate; and

(3) Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel.

The Clerk of Court is **ORDERED** to **CLOSE** the case.

**IT IS SO ORDERED**.

Dated:  June 29, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-1867-BJC-DDL